**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GABRIEL VARGAS,<br><br>           Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | Civil Action No. 22-6236 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

    This matter comes before the Court on the purported habeas petition filed in this matter by Petitioner Gabriel Vargas.[1] (ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed for lack of jurisdiction.

**I.    BACKGROUND**

    Petitioner is a convicted federal prisoner currently detained at the Fort Dix Federal Correctional Institution. (ECF No. 1 at 4.) His current conviction stems from drug related charges

---

[1] Petitioner did not pay the five-dollar filing fee applicable to a § 2241 habeas petition. Because this matter is, in fact, an improperly filed § 3582(c) motion as detailed below, and because such a motion does not have a filing fee, this Court will screen and dismiss this matter without requiring Petitioner to pay the fee.

to which he pled guilty in the Southern District of Texas. (*Id.* at 3-4.) During his criminal detention, Petitioner has contracted and been exposed to COVID-19 multiple times, and been forced to undergo various COVID-related lockdown procedures. (*Id.* at 3-7.) Based on these and other factors, Petitioner believes that he is entitled to a reduction of sentence pursuant to 18 U.S.C. § 3582(c). Although Petitioner filed his current petition in this Court purportedly pursuant to 28 U.S.C. § 2241, his stated bases for relief all arise out of the compassionate relief portions of § 3582, and his actual "habeas petition" fully appears to be a copy of a § 3582(c) motion which he previously filed in the Southern District of Texas. (*Id.* at 1.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.   DISCUSSION

In his current petition, Petitioner seeks to have his sentence reduced pursuant to the compassionate relief portions of 18 U.S.C. § 3582(c) in light of his experiences related to COVID-19 while imprisoned before, during, and after his guilty plea in the Southern District of Texas. Although filed in this district pursuant to 28 U.S.C. § 2241, Petitioner's current request relies entirely on § 3582(c), and does not clearly raise a claim for relief under § 2241. While a § 2241 habeas petition may properly be used to challenge the execution of a criminal sentence, such a petition may normally not be used to challenge the validity of the conviction or sentence themselves. *See, e.g., Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001). A petitioner seeking a reduction of sentence on compassionate relief grounds under § 3582 must do so through a criminal motion filed in the criminal docket of the court which sentenced him. *See, e.g., United States v. Raia*, 954 F.3d 594, 595-96 (3d Cir. 2020); *Gregory v. Grondolsky*, 365 F. App'x 326, 237 (2010). As this Court did not sentence Petitioner, his § 3582(c) claim is not properly before this Court, and this Court lacks jurisdiction to address his claim under § 2241. *Raia*, 954 F.3d at 595-96. This Court thus clearly lacks jurisdiction over all of Petitioner's claims as those claims may only be heard by the court which sentenced him – the Southern District of Texas.

Where a district court lacks jurisdiction over a habeas matter, the Court may either dismiss the petition without prejudice or transfer the petition to the appropriate court if doing so would be "in the interests of justice." 28 U.S.C. § 1631. In this matter it fully appears that Petitioner's current filing is essentially a copy of a § 3582(c) motion he already filed in the Southern District of Texas. Indeed, it is captioned as exactly that – a criminal motion before the Southern District in his underlying criminal case, including that case's docket number. As it appears that Petitioner

3

has likely already presented his current claims to the Southern District, this Court finds that a transfer would be duplicative and thus not in the interests of justice at this time.[2]

## IV.   CONCLUSION

In conclusion, Petitioner's habeas petition (ECF No. 1) is dismissed for lack of jurisdiction. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[2] In the event that these appearances are deceiving, and Petitioner has not yet filed a § 3582 motion in the Southern District, Petitioner may file such a motion in that court if he so chooses.